UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEBB ROOFING &
CONSTRUCTION, LLC, as
Assignee of Linda Mossa and
Andrew Mossa

      Plaintiff,

v.                                         Case No.: 2:20-cv-833-FtM-38NPM

METROPOLITAN CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Metropolitan Casualty Insurance Company's Motion to Dismiss (Doc. 10) and Plaintiff Webb Roofing & Construction LLC's response (Doc. 12).

This is a claim seeking insurance coverage for property damage arising from Hurricane Irma. Linda and Andrew Mossa ("Assignors") bought a homeowners' insurance policy from Metropolitan. In exchange for services,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Webb sues as an assignee of the policy. Webb and Metropolitan disagree whether the policy covers certain damage to the Assignors' property.

Metropolitan moves to dismiss the complaint, arguing Webb does not allege compliance with Florida Statute Section 627.7152. It claims Webb must plead compliance with several items outlined in Sections 627.7152(2) and 627.7152(9) that an assignee must perform before suing an insurer. Only in paragraph 19 of the Complaint does Webb discuss compliance with pre-suit conditions, pleading "all conditions precedent to payment of the claim have occurred, have been performed, [and] have otherwise been satisfied by Assignors or have been waived by Defendant." Unsatisfied, Metropolitan seeks a specific statement that Webb has complied with every statutory requirement in Florida Statute Section 627.7152.

To state a claim for relief under Federal Rule of Civil Procedure 8(a) and thus survive a motion to dismiss, the factual allegations of the plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

A review of Sections 627.7152(2) and 627.7152(9) finds no indication the Florida legislature wanted Plaintiffs to plead compliance with pre-suit

requirements. Among other requirements, Section 627.7152(2) and 627.7152(9) require an assignee provide: a written assignment that lets the assignor know he/she has a right to rescind the agreement within certain time periods; a copy of the assignment agreement to the insurance company within three business days of when the assignment is executed; an assignment agreement that contains a written, itemized, per-unit cost estimate regarding services the assignee will perform; and a written pre-suit demand to the insurer at least 10 business days before filing suit, which must be concurrently served on the insureds, and served on both the insurer and insureds either by certified mail, return receipt requested, or by electronic transmission. But pleading compliance with pre-suit requirements when filing suit is not enumerated in the statute. And there is no Florida caselaw directly supporting the argument. Although the Court understands Metropolitan finds this pleading requirement in analogous caselaw, it hesitates to create a pleading requirement not found in the statute's text. Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." By setting forth a dispute over whether the policy covers the instant damage, Webb's complaint satisfies this standard.

The Court also distinguishes between an allegation a plaintiff did not comply with pre-suit requirements and a motion seeking dismissal solely for failure to plead compliance. Metropolitan does not assert Webb failed to fulfill

its obligations before beginning this litigation. Instead, Metropolitan only seeks dismissal for failure to plead compliance with pre-suit conditions. Even if the Court granted the motion, it would still allow Webb to amend the complaint. At its core, this motion concerns whether the Court should require Webb to plead it satisfied all conditions precedent to litigation. While Metropolitan presents a compelling argument, the lack of statutory language mandating such a requirement carries the day.

Accordingly, it is now

**ORDERED:**

Defendant Metropolitan Casualty Insurance Company's Motion to Dismiss (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 16, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record